IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROGELIO PONCE<br>    Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. |
| vs. | §<br>§ | 7:16-cv-219 |
| STATE FARM LLOYDS<br>AND RAFAEL NAVARRO<br>    Defendants. | §<br>§<br>§<br>§<br>§ | JURY REQUESTED |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### INTRODUCTION

1.   This is an insurance coverage and bad faith case.  On or about March 17, 2016, Plaintiff Rogelio Ponce ("Plaintiff") filed his Original Petition in Cause No. C-1253-16-C in the 139th Judicial District Court of Hidalgo County, Texas, initiating a civil cause of action against State Farm Lloyds and Rafael Navarro ("Navarro") (collectively, "Defendants").

2.   Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm Lloyds.  Additionally, Navarro has been improperly joined.

3.   Plaintiff alleges multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiff.  Plaintiff specifically alleges breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against State Farm Lloyds.  As to Navarro, Plaintiff asserts claims for violations of Chapter 541 of the Texas Insurance Code.  Plaintiff further alleges

that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. State Farm Lloyds was served with Plaintiff's Original Petition and Citation on or about April 7, 2016. Navarro has not been served with Plaintiffs' Original Petition and Citation. State Farm Lloyds filed its Original Answer on April 25, 2016.

5. State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Hidalgo County, Texas and are citizens of the State of Texas. *See Plaintiffs' Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered Texas citizens.

8. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. See, e.g., *Navarro v. State Farm Lloyds*, 2013 WL 3439851 at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and Plaintiffs are completely diverse."); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds,* 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

9. Finally, Plaintiff pleaded in his Original Petition that Navarro is a citizen and resident of the State of Florida. Therefore, as pleaded, federal diversity jurisdiction exists. However, although Navarro previously was a resident of Florida, he is now a resident and citizen of Texas. Even so, although Defendant Navarro is a citizen and resident of the State of Texas, he has been improperly joined in this lawsuit in that the Plaintiffs has not asserted any valid claim against him. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004); *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be

defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10. To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.,* 344 F.3d 458,461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Navarro. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

11. In order to assert a cognizable claim, plaintiff must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such

provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jimenez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

12. Plaintiff's factual allegations regarding Defendant Navarro do not form the basis of an independent cause of action against him as opposed to the carrier. Rather, Plaintiff filed suit against Navarro for the same reasons that Plaintiff filed suit against State Farm Lloyds. They are unhappy that State Farm Lloyds allegedly denied "full" payment to them.

13. Texas law does not contemplate that an adjuster like Navarro will be held individually liable for the insurance carrier's decision on a claim. *See Thomas v. State Farm Lloyds*, 2015 WL 6751130 (N.D. Tex. 2015); *Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an

individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by Plaintiffs in the instant case insufficient to establish the possibility of a claim against the adjuster).

14. In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to plaintiff's claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

15. Plaintiff does not allege specific facts regarding specific misrepresentations by Navarro, nor does Plaintiff allege any specific detrimental reliance and injury from any such

representation. Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

16.  Based upon the allegations in the Plaintiff's live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Navarro for Plaintiff's Chapter 541 claims or that Plaintiff can establish a cause of action against him in state court. Navarro has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court and his citizenship should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendant. Furthermore, because Navarro was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

B.  **The Amount in Controversy Exceeds $75,000.**

17.  Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff's Original Petition specifically states that Plaintiff seeks "monetary relief, the maximum of which is over $100,000 but not more than $200,000." *See* Exhibit A.

**VENUE**

18.  Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a)

because this district and division embrace the place in which the removed action was pending, the 93rd District Court of Hidalgo County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## PROCEDURAL REQUIREMENTS

19. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit. Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action. Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

20. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

21. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the Clerk of the 139th Judicial District Court, Hidalgo County, Texas, promptly after Defendant files this Notice.

22. This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 139th Judicial District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division.

        Respectfully submitted,

        **JONES, ANDREWS & ORTIZ, P.C.**

    By:   /s/ Edward J. Batis
        David V. Jones
        Attorney-in-Charge
        State Bar No. 10869825
        Southern District of Texas No. 3707
        Edward J. Batis, Jr.
        State Bar No. 01915470
        Southern District of Texas No. 179932
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
210/344-3900
210/366-4301 Facsimile
**COUNSEL FOR DEFENDANTS,**
**STATE FARM LLOYDS AND**
**RAFAEL NAVARRO**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 18th day of April, 2016.

Mr. Kevin S. Baker
Mr. Perry Dominguez
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, TX 78232

        /s/ Edward J. Batis
        David V. Jones/Edward J. Batis, Jr.