5/18/2016 10:34:20 AM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly.  This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

**EXHIBIT**

A

Nilda VanHook
CHIEF DEPUTY

Ricardo Contreras
CHIEF OF
ADMINISTRATION

Adriana "Audry"
Garcia
ASSISTANT

Sabrina S.
Guerra
SENIOR

Oneida Lamas
DEPUTY DISTRICT
CLERK SUPERVISOR

Stephanie Palacios
BUDGET &
PROCUREMENT

Aida Villarreal
CHIEF OF APPEALS

**C-1253-16-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**STATE FARM LLOYDS**
**REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**211 EAST 7TH ST., STE. 620**
**AUSTIN, TX 78701**
**OR WHEREVER ELSE IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 17th day of March, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-1253-16-C, **ROGELIO PONCE  VS.  STATE FARM LLOYDS, RAFAEL NAVARRO**

Said Petition was filed in said court by KEVIN S. BAKER, 16500 SAN PEDRO SUITE 302  SAN ANTONIO TX  78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of March, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**KRYSTAL HIDALGO, DEPUTY CLERK**

C-1253-16-C
## OFFICER'S RETURN

Came to hand on \_\_\_\_\_ of _____, 201\_\_\_\_ at \_\_\_\_\_ o'clock \_\_\_\_.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
|  |  |  |  |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
          miles ...................$_____


_____
**DEPUTY**
## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the \_\_\_\_\_ day of _____, 201\_\_\_.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

## C-1253-16-C
## 139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**RAFAEL NAVARRO**
**111 PLACIDO PLACE**
**PANAMA CITY BEACH, FL 32413**

**THROUGH:**

**SECRETARY OF STATE**
**P.O. BOX 12079**
**AUSTIN, TX 78711**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 17th day of March, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1253-16-C, **ROGELIO PONCE VS. STATE FARM LLOYDS, RAFAEL NAVARRO**

Said Petition was filed in said court by KEVIN S. BAKER, 16500 SAN PEDRO SUITE 302 SAN ANTONIO TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of March, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**KRYSTAL HIDALGO, DEPUTY CLERK**

**C-1253-16-C**
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ....................$_____


_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
4/11/2016 6:51:53 AM
Hidalgo County District Clerks
Reviewed By: Yolanda Fuentes

**C-1253-16-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

2 F

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**STATE FARM LLOYDS**
**REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**211 EAST 7TH ST., STE. 620**
**AUSTIN, TX 78701**
**OR WHEREVER ELSE IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 17th day of March, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1253-16-C, **ROGELIO PONCE VS. STATE FARM LLOYDS, RAFAEL NAVARRO**

Said Petition was filed in said court by KEVIN S. BAKER, 16500 SAN PEDRO SUITE 302 SAN ANTONIO TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of March, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**KRYSTAL HIDALGO, DEPUTY CLERK**

Electronically Filed
4/11/2016 6:51:53 AM
Hidalgo County District Clerks
Reviewed By: Yolanda Fuentes

**C-1253-16-C**

**OFFICER'S RETURN**

Came to hand on _31_ of _MARCH_ _____, 201 _6_ at _2:00_ o'clock _P_ .m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| STATE FARM Lloyd | 4.7.16 | 9:15 AM | 211 E. 7th ST., #620 AUSTIN, TX |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____

**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _ELOY BRAVO_____, my date of birth is _02-02-61_ and the address is _14080 NACOGDOCH, #320_,and I declare under penalty of perjury that the foregoing is true and correct. _S.A T_

EXECUTED in _TRAVI._ County, State of Texas, on the _7_ day of _APril_ , 201 _6_

_____

**Declarant"**

_SCH 2065_ / _6.30.2018_

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
4/11/2016 6:51:53 AM
Hidalgo County District Clerks
Reviewed By: Yolanda Fuentes



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

AUSTIN, TX 78701

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $____ |
| ☐ Return Receipt (electronic) | $____ |
| ☐ Certified Mail Restricted Delivery | $____ |
| ☐ Adult Signature Required | $____ |
| ☐ Adult Signature Restricted Delivery | $N/A |
| Postage | $1.64 |
| Total Postage and Fees | $7.89 |

Sent To  STATE FARM LLOYDS / C S C
Street and Apt. No., or PO Box No.  211 E. 7TH STREET #620
City, State, ZIP+4®  AUSTIN, TX 78701

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 1730 0002 3818 7582

CONVERSE TX 78109
5 2016
USPS

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
STATE FARM LLOYDS
C/O CSC
211 E. 7TH STREET, # 620
AUSTIN, TX 78701

9590 9401 0011 5071 8818 98

2. Article Number (Transfer from service label)
7015 1730 0002 3818 7582

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  5/7/16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# CIVIL CASE INFORMATION SHEET

**C-1253-16-C**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED Rogelio Ponce v. State Farm Lloyds and Rafael Navarro

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name<br>Kevin S. Baker | Email<br>LillyG@krwlawyers.com | Plaintiff(s)/Petitioner(s)<br>Rogelio Ponce | ☒ Attorney for Plaintiff/Petitioner<br>Pro Se Plaintiff/Petitioner<br>Title IV-D Agency<br>Other |
| Address<br>16500 San Pedro, Suite 302 | Telephone<br>210-490-4357 | | Additional Parties in Child Support Case |
| City/State/Zip<br>San Antonio, Texas 78232 | Fax<br>210-490-8372 | Defendant(s)/Respondent(s)<br>State Farm Lloyds and<br>Rafael Navarro | Custodial Parent<br><br>Non-Custodial Parent |
| Signature | State Bar No<br>00797799 | [Attach additional page as necessary to list all parties] | Presumed Father |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>Debt/Contract<br>Fraud/Misrepresentation<br>Other Debt/Contract | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br> Accounting<br> Legal<br> Medical<br> Other Professional<br> Liability | Eminent Domain/<br>Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property | Annulment<br>Declare Marriage Void<br>*Divorce*<br> With Children<br> No Children | Enforcement<br>Modification—Custody<br>Modification—Other |
| *Foreclosure*<br>Home Equity—Expedited<br>Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract | Motor Vehicle Accident<br>Premises<br>*Product Liability*<br> Asbestos/Silica<br> Other Product Liability<br> List Product<br><br>Other Injury or Damage | **Related to Criminal Matters**<br>Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>Pre-indictment<br>Other | **Other Family Law**<br>Enforce Foreign<br>Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>of Minority<br>Other | **Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order<br><br>**Parent-Child Relationship**<br>Adoption/Adoption with<br>Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>Rights<br>Other Parent-Child |
| **Employment** | **Other Civil** | | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment | Administrative Appeal<br>Antitrust/Unfair<br>Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other | | |
| **Tax** | Probate & Mental Health | | | |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br> Dependent Administration<br> Independent Administration<br> Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees

Less than $100,000 and non-monetary relief

☒ Over $100,000 but not more than $200,000

Over $200,000 but not more than $1,000,000

Over $1,000,000

Rev. 2/13



SAN ANTONIO, TX 78232
PHONE (210) 490-4357
TOLL FREE (888) 315-3997
FAX (210) 490-8372
KRWLAWYERS.COM

Philip C. Bernal² LIC TX          Robert A. Pollom LIC TX
Douglas D. Ketterman LIC TX FL    Michael R. Rowland LIC TX
Matthew D. Ketterman² LIC TX      Brian C. Steward² LIC TX
Michelle C. Le¹ LIC TX MS         Mahsa Tajipour LIC TX NY
Chris Mazzola LIC MS              Ryan A. Todd LIC TX
Jay Moore LIC TX                  R. Scott Westlund LIC TX

²Board Certified - Personal Injury Trial Law, Texas Board of Legal Specialization

March 4, 2016

Hidalgo County District Court                                   *VIA e-filing*
100 N Closner P.O Box 87
Edinburg, Texas 78539

      RE:    ***Rogelio Ponce v. State Farm Lloyds and Rafael Navarro***

Dear Clerk:

      With regard to the above-referenced matter, please issue two (2) citations for service on the following Defendants:

      **State Farm Lloyds**
      **By serving its registered agent,**
      **Corporation Service Company**
      **211 East 7th Street, Suite 620**
      **Austin, Texas 78701**

      **And**

      **Rafael Navarro**
      **111 Placido Place**
      **Panama City Beach, FL 32413**

      **Through**

      **Secretary of State**
      **PO Box 12079**
      **Austin, Tx 78711**

      We have paid for said citations via e-filing. Therefore, we would request the filed-stamped Plaintiff's Original Petitions and citations be mailed directly to our office. We will perfect service by private process.

      Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

                    Respectfully,

                    */s/Vanessa Arredondo*

                    Vanessa Arredondo
                    Legal Secretary

/va

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1253-16-C** _____

| | | |
|---|---|---|
| ROGELIO PONCE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| AND RAFAEL NAVARRO | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ROGELIO PONCE, files this Original Petition against STATE FARM LLOYDS ("STATE FARM" or the "INSURANCE DEFENDANT"), and RAFAEL NAVARRO ("NAVARRO" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

1

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

Defendant STATE FARM is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

Defendant, RAFAEL NAVARRO, is an individual residing at 111 Placido Place, Panama City Beach, Florida 32413. Service of process regarding this lawsuit for this defendant may be obtained through the Secretary of State, PO Box 12079, Austin, Texas 78711.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1253-16-C

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1122 Adams Street, Mission, Texas 78572 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.

3

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1253-16-C

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

## V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.   BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.   UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
### CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

**A.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs.   At all pertinent times, NAVARRO, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.   More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1.   Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.   Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1253-16-C

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to RAFAEL NAVARRO who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about September 26, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Navarro, ignored covered damages including but not limited to the main house roof, elevations, fascia, soffit, and shed. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about September 27, 2015, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

**VII.**
**KNOWLEDGE**

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

**VIII.**

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore,

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS

provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

### XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### XIV.
### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

3/17/2016 3:44:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1253-16-C**

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:    */s/Kevin S. Baker*
      Kevin S. Baker
      State Bar No. 00797799
      kevin@krwlawyers.com
      Perry Dominguez
      State Bar No. 24055414
      perry@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

## CAUSE NO. C-1253-16-C

| | | |
|---|---|---|
| ROGELIO PONCE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS and | § | |
| RAFAEL NAVARRO | § | |
| Defendants. | § | 139TH JUDICIAL DISTRICT |
| | § | |

---

## DEFENDANT STATE FARM LLOYDS'
## ORIGINAL ANSWER AND DEMAND FOR JURY

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Defendant State Farm Lloyds (hereinafter "State Farm" or "Defendant"), who files this Original Answer and Demand for Jury to the Original Petition ("Complaint") of Plaintiff, Rogelio Ponce ("Plaintiff").

1.    Defendant denies each and every allegation which is not specifically admitted herein.

2.    No answer is necessary to Section I of Plaintiff's Complaint. This section concerns the discovery level under Texas state practice.  Because this action has been removed to this Court, the discovery level is not relevant.

3.    Defendant admits the allegation in Section II, paragraph 1, of Plaintiff's Complaint regarding Plaintiff's status as a resident of Texas.

4.    Regarding the allegations in Section II, paragraphs 2-3, of Plaintiff's Complaint, State Farm admits it is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this civil action was

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

commenced, were, and still are, citizens and residents of states other than Texas.

5.      Regarding the allegations in Section II, paragraph 4, Defendant denies Rafael Navarro is a resident of the State of Florida; however, as set out in the Notice of Removal filed in this action, Mr. Navarro has been improperly joined and his citizenship should therefore be disregarded for purposes of evaluating diversity of citizenship.

6.      No answer is necessary to Section III of Plaintiff's Complaint concerning the application of venue rules in Texas state practice, which is moot since this case has been removed to this Court.  Venue is proper in this district under 28 USC § 1446 (a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of events giving rise to Plaintiff's claims allegedly happened in this district.

7.      With regard to Section IV, paragraph 1, of Plaintiff's Complaint, Defendant admits State Farm issued a Policy Number 83-BS-K615-3 to Plaintiff Rogelio Ponce.

8.      State Farm Lloyds does not have sufficient information to admit or deny the allegations in Section IV, paragraph 2, of Plaintiff's Complaint that Plaintiff owns the property as described, although Defendant admits that the property described in the Policy declarations is 1122 Adams St., Mission, Texas 78572-7504.

9.      With regard to Section IV, paragraph 3, of Plaintiff's Complaint, Defendant admits State Farm issued a Policy Number 83-BS-K615-3 to Plaintiff for the location described in the Policy declarations as 1122 Adams St., Mission, Texas 78572-7504.

10.     State Farm Lloyds denies the allegations in Section IV, paragraph 4, of Plaintiff's Complaint as they are worded.  Defendant admits Plaintiff reported a claim for losses from a storm on March 26, 2015, on or about September 7, 2015, but denies Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom in an amount above his

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

applicable deductible of $1,056.00. Defendant further denies that it failed to conduct a full, fair and adequate investigation and denies all other allegations therein.

11.     State Farm Lloyds denies the allegations in Section IV, paragraph 5, of Plaintiff's Complaint as they are worded. Defendant denies any payment is or was owed, and denies all other allegations therein.

12.     State Farm Lloyds denies the allegations in Section IV, paragraph 6, of Plaintiff's Complaint.

13.     State Farm Lloyds denies the allegations in Section IV, paragraph 7, of Plaintiff's Complaint.

14.     State Farm Lloyds denies the allegations in Section IV, paragraph 8, of Plaintiff's Complaint.

15.     State Farm Lloyds denies the allegations in Section IV, paragraph 9, of Plaintiff's Complaint.

16.     State Farm Lloyds denies the allegations in Section IV, paragraph 10, of Plaintiff's Complaint.

17.     State Farm Lloyds denies the allegations in Section IV, paragraph 11, of Plaintiff's Complaint.

18.     State Farm Lloyds denies the allegations in Section IV, paragraph 12, of Plaintiff's Complaint.

19.     State Farm Lloyds denies the allegations in Section IV, paragraph 13, of Plaintiff's Complaint.

20.     State Farm Lloyds denies the allegations in Section IV, paragraph 14, of Plaintiff's Complaint.

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

21.     State Farm Lloyds denies the allegations in Section IV, paragraph 15, of Plaintiff's Complaint.

22.     State Farm Lloyds denies the allegations in Section IV, paragraph 16, of Plaintiff's Complaint.

23.     State Farm Lloyds denies the allegations in Section V, paragraph A, of Plaintiff's Complaint.

24.     State Farm Lloyds denies the allegations in Section V, paragraph B and all subparts, of Plaintiff's Complaint, including all paragraphs in those subparts numbered 1 and 2.

25.     State Farm Lloyds denies the allegations in Section V, paragraph C, paragraphs 1 and 2 of Plaintiff's Complaint.

26.     Defendant denies that Mr. Navarro inspected Plaintiff's property on or about September 26, 2015 as the inspection date was September 24, 2015, and admits that he generated an estimate for repairs on or about September 27, 2015, but State Farm Lloyds denies the remaining allegations in Section VI, paragraph A, and all subparts and unnumbered paragraphs thereto.

27.     State Farm Lloyds denies the allegations in Section VII of Plaintiff's Complaint.

28.     State Farm Lloyds denies the allegations in Section VIII of Plaintiff's Complaint, including all subparts and unnumbered paragraphs.  Nothing done or not done by State Farm Lloyds or Mr. Navarro was a "producing cause" of any of Plaintiff's alleged damages under any theory pleaded therein.

29.     State Farm Lloyds denies the allegations in Section IX of Plaintiff's complaint, including all unnumbered paragraphs.

30.     No answer is necessary to Section X of Plaintiff's Complaint.

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

31.     No answer is necessary to Section XI of Plaintiff's Complaint.  These are discovery requests under the Texas Rules of Civil Procedure which would be answered separately.

32.     No answer is necessary to Section XIII of Plaintiff's Petition, which concerns the minimal jurisdictional amount under Texas state practice.  To the extent an answer is required, Defendant admits that the amount in controversy in this action alleged by Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

33.     No answer is necessary to Section XIV of Plaintiff's Complaint regarding Plaintiff's Prayer.  To the extent an answer is necessary, Defendant denies the statements.

## ADDITIONAL DEFENSES TO PLAINTIFF'S ALLEGATIONS

34.     Defendant denies each and every material allegation made in Plaintiff's Complaint not previously controverted or admitted herein and demands that Plaintiff prove, by credible evidence meeting the requisite standard of proof, each and every such material allegation made in Plaintiff's Complaint.

35.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

36.     Plaintiff's claims are barred, in whole or in part, by the terms, conditions, exclusions, or limitations of the policy of insurance.  Among its other terms, conditions, exclusions, or limitations, such policy specifies:

DECLARATIONS CONTINUED

We [State Farm Lloyds] agree to provide the insurance described in this policy:

1.     based on your [Plaintiff's] payment of premium for the coverages you choose;

2.     based on your compliance with all applicable provisions of this policy; and

3.     in reliance on your statements in these Declarations.

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

You [Plaintiff] agree, by acceptance of this policy, that:

1.    you will pay the premiums when due and comply with the provisions of this policy;

2.    the statements in these Declarations are your statements and are true;

3.    we insure you on the basis your statements are true; and

4.    this policy contains all of the agreements between you and us any of our agents.

*******

DEFINITIONS

12.    "residence premises" means:

a.    the one, two, three[,] or four-family dwelling, other structures and grounds; or

b.    that part of any other building'

where you reside and which is shown in the Declarations.

*******

SECTION I – COVERAGES

1.    Dwelling.  We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.

Dwelling includes:

a.    structures attached to the dwelling;

b.    materials and supplies located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises.

c.    foundation, floor slab and footings supporting the dwelling; and

d.    wall-to-wall carpeting attached to the dwelling.

2.    Dwelling Extension.  We cover other structures on the residence premises, separated from the dwelling by clear space.  Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

We do not cover other structures:

a.    not permanently attached to or otherwise forming a part of the realty;

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

b.      used in whole or in part for business purposes; ...

\*\*\*\*\*\*\*

3.      Property Not Covered.  We do not cover:

a.      land, including the land necessary to support any Coverage A property;

b.      any costs required to replace, build, stabilize or otherwise restore the land; or

c.      the costs of repair techniques designed to compensate for or present land instability to any property, whether or not insured under Coverage A.

\*\*\*\*\*\*\*

COVERAGE B - PERSONAL PROPERTY

1.      Property Covered. We cover personal property owned or used by an insured while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. ...

\*\*\*\*\*\*\*

COVERAGE C - LOSS OF USE

1.      Additional Living Expense. When a Loss Insured causes the residence premises to be uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by expiration of this policy.

\*\*\*\*\*\*\*

SECTION I - LOSSES INSURED

COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.

COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I - LOSSES NOT INSURED:

\*\*\*\*\*\*\*

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

2.    Windstorm or hail. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a fully enclosed building.

*******

## SECTION 1- LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*******

f.    except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or steam from a:

(1)    heating, air conditioning or automatic fire protective sprinkler system;

(2)    household appliance; or

(3)    plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time[1];

g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

*******

i.    mold, fungus or wet or dry rot;

*******

However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

---

[1]    See FE-2363 Amendatory Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*******

b.      Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection[,] or any external forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I - ADDITIONAL COVERAGES, Volcanic Action.

However, we do insure for any direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a Loss Insured.

Item 2.c. is replaced by the following:

c.      Water, meaning:

(1)     flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

(2)     water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3)     water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4)     material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

However, we do insure for any direct loss by fire, explosion or theft resulting from water, provided the resulting loss is itself a Loss Insured[2].

---

[2]      See FE-3533 Homeowners Policy Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

    d.      Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

*******

3.      We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to[,] or aggravate the loss; or (b) occur before, at the same time[,] or after the loss or any other cause of the loss:

    a.      conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

    b.      defect, weakness, inadequacy, fault or unsoundness in:

        (1)      planning, zoning, development, surveying, siting;

        (2)      design, specifications, workmanship, construction, grading, compaction;

        (3)      materials used in construction or repair; or

        (4)      maintenance;

           of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

    c.      weather conditions.

However, we do insure for any resulting loss from items a., b and c. unless the resulting loss is itself a Loss Not Insured by this Section.

*******

SECTION I – CONDITIONS

Item 1, Insurable Interest and Limit of Liability, is replaced by the following:

1.      Insurable Interest and Limit of Liability. Even if more than one person has an insurable interest in the property covered, we will not be liable:

    a.      to the insured for an amount greater than the insured's interest; or

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

b.      for more than the applicable limit of liability[3].

*******

2.      Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent. . . .;

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c.      prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.      as often as we reasonably require:

   (1)      exhibit the damaged property;

   (2)      provide us with records and documents we request and permit us to make copies;

*******

e.      submit to us within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

   (1)      the time and cause of loss;

   (2)      interest of the insured and all others in the property involved and all encumbrances on the property;

   (3)      other insurance which may cover the loss;

   (4)      changes in title or occupancy of the property during the term of this policy;

   (5)      specifications of any damaged building and detailed estimates for repair of the damage;

   (6)      an inventory of damaged or stolen personal property described in 2.c.;

---

[3] See FE-3533 Homeowners Policy Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

(7)    receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8)    evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery[,] and Counterfeit Money coverage, stating the amount and cause of loss.

f.    If the loss is caused by windstorm or hail in the catastrophe area as defined under Texas law, you must file a claim with us not later than one year after the date of loss that is the subject of the claim unless you show good cause for not filing the claim within this time period.[4]

\*\*\*\*\*\*\*

6.    Suit Against Us. No suit or action can be brought unless:

a.    there has been compliance with the policy provisions; and

b.    except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;

c.    with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:

(1)    two years from the date we accept or reject the claim; or

(2)    three years from the date of the loss that is the subject of the claim.[5]

\*\*\*\*\*\*\*

## SECTION I AND SECTION 11- CONDITIONS

1.    Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II which occurs during the period this policy is in effect.

\*\*\*\*\*\*\*

4.    Waiver or Change of Policy Provisions. A waiver or change of any provision of this policy must be in writing by us to be valid.

\*\*\*\*\*\*\*

7.    Assignment. Assignment of this policy shall not be valid unless we give our written consent.

\*\*\*\*\*\*\*

---

[4]    See FE-3533 Homeowners Policy Endorsement (Texas).
[5]    See FE-3533 Homeowners Policy Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

FE-5369.2 WATER DAMAGE ENDORSEMENT

DEFINITIONS

The following definition is added:

"fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

SECTION I    ADDITIONAL COVERAGES

The following is added:

Water Damage Coverage.

1.    We cover the deterioration, wet rot or dry rot of property described in Coverage A and Coverage B caused by the continuous or repeated seepage or leakage of water or steam from a:

a.    heating, air conditioning or automatic fire protective sprinkler system;

b.    household appliance; or

c.    plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

This coverage includes the cost of tearing out and replacing only that particular part of the building necessary to gain access to the specific point of that system or appliance from which seepage or leakage occurred.

2.    We do not cover:

a.    loss to the system or appliance from which the water or steam escaped;

b.    loss caused by, consisting of, or resulting from fungus; or

c.    fungus which is the result of continuous or repeated seepage or leakage of water or steam from within a:

(1)    heating, air conditioning or automatic fire protective sprinkler system;

(2)    household appliance; or

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

(3)     plumbing system, including from, within, or around any shower stall, shower bath, tub installation, or other plumbing fixture including their walls, ceilings or floors.

SECTION I - LOSSES NOT INSURED

SECTION I – LOSS SETTLEMENT

COVERAGE A - DWELLING

Items 1. and 2. are replaced by the following:

A1 - Replacement Cost Loss Settlement - Similar Construction.

a.     We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

(1)     until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

(2)     when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3)     to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4)     we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

b.     Wood Fences.  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.

*******

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

A2 -    Replacement Cost Loss Settlement - Common Construction:

    a.    We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

        (1)    we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

        (2)    until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

        (3)    when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

        (4)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

        (5)    we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL – Building Ordinance or Law Coverage.

    d.    Wood Fences.  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – DWELLING EXTENSION.[6]

*******

OPTIONAL POLICY PROVISIONS

*******

Option ID - Increased Dwelling Limit is replaced by the following:

---

[6]    See FE-3533 Homeowners Policy Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

Option ID - Increased Dwelling Limit. We will settle losses to damaged building structures covered under COVERAGE A - DWELLING according to the SECTION I - LOSS SETTLEMENT provision shown in the Declarations.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the Declarations, we will pay the additional amounts not to exceed:

1.  the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

2.  10% of the Option ID limit of liability to repair or replace building structures covered under COVERAGE A - DWELLING, Dwelling Extension.

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the Declarations, if you fail to notify us of the increased value within 90 days.

Option OL - Building Ordinance or Law.

1.  Coverage Provided.

The total limit of insurance provided by this Building Ordinance or Law provision will not exceed an amount equal to the Option OL percentage shown in the Declarations of the Coverage A limit shown in the Declarations at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

2.  Damaged Portions of Dwelling.

When the dwelling covered under COVERAGE A - DWELLING is damaged by a Loss Insured we will pay for the increased cost to repair or rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

3.  Undamaged Portions of Damaged Dwelling.

When the dwelling covered under COVERAGE A - DWELLING is damaged by a Loss Insured we will also pay for:

a.  the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning[,] or land use

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs; and

b.    loss to the undamaged portion of the dwelling caused by enforcement of any ordinance or law if:

(1)    the enforcement is directly caused by the same Loss Insured;

(2)    the enforcement requires the demolition of portions of the same dwelling not damaged by the same Loss Insured;

(3)    the ordinance or law regulates the construction or repair of the dwelling, or establishes zoning or land use requirements at the described premises; and

(3)    the ordinance or law is in force at the time of the occurrence of the same Loss Insured; or

Item 3.c. is replaced by the following:

c.    legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law, if:

(1)    the enforcement is directly caused by the same Loss Insured; and

(2)    the requirement is in effect at the time the Loss Insured occurs.

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.[7]

Item 4 is replaced by the following:

4.    Building Ordinance or Law Coverage Limitations.

a.    We will not pay for any increased cost of construction under this coverage:

(1)    until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

(2)    unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

---

[7]    See FE-3533 Homeowners Policy Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

    b.      We will not pay more for loss to the undamaged portion of the dwelling caused by the enforcement of any ordinance or law than:

        (1)    the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

        (2)    the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

    c.      We will not pay more under this coverage than the amount you actually spend:

        (1)    for the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law: and

        (2)    to demolish and clear the site of the undamaged portions of the dwelling caused by enforcement of building, zoning[,] or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph I. Coverage Provided of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

*******

All other policy provisions apply.[8]

*******

37.    Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages or losses.

38.    Plaintiff's causes of action may be barred, in whole or in part, by Plaintiff's failure to protect the property from further damage or make reasonable and necessary repairs to protect

---

[8]    See FE-3533 Homeowners Policy Endorsement (Texas).

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

the property, thereby breaching Plaintiff's obligations under the "Duties After Loss" section of the policy.

39.     Defendant asserts that Plaintiff cannot recover on any of his claims because any damage allegedly suffered by Plaintiff did not result from, and was not proximately caused by, any wrongful conduct on the part of Defendant.

40.     Defendant asserts Plaintiff cannot recover on any of his claims because any damage allegedly suffered by Plaintiff in connection with the complained-of transaction was caused by Plaintiff's own negligence and/or lack of due diligence.

41.     State Farm further pleads that Plaintiff's causes of action are barred in that State Farm promptly conducted an objective, reasonable, thorough and good faith investigation into the claim made by Plaintiff.

42.     Plaintiff's causes of action also fail because there exists a *bona fide* and legitimate dispute between State Farm and Plaintiff with regard to the legal construction of certain policy provisions and exclusions and the nature, extent or cause of damages.

43.     Plaintiff is not entitled to recover from State Farm on the policy in force for the period of loss claimed because certain damages claimed may have been non-fortuitous, were losses already in progress, and/or were losses that the insured either knew of or were aware were substantially certain to occur when the policy was applied for.

44.     Plaintiff's causes of action fail or his damages are reduced because his damages are the result of an intervening cause.

45.     Plaintiff is not entitled to recover because State Farm has the right to deny payment of a questionable or invalid claim.

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

46.     Plaintiff has the duty to establish the applicability of any exception to a policy exclusion by the greater weight and degree of credible evidence.

47.     Plaintiff's claims may be barred by the language of the policy itself or do not satisfy those provisions of the policy operating as conditions necessary to support a covered claim.

48.     Plaintiff is not entitled to recover because State Farm has the right to decline payment of unreasonable repair estimates or demands for payment by "general contractors," "public adjusters," or similar others.

49.     State Farm's handling and investigation of the insurance claim made the basis of this lawsuit was reasonable.

50.     Plaintiff's claims for penalties, punitive damages, and exemplary damages are barred because any such award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

51.     Plaintiff is precluded from any recovery for any alleged breach of the duty of good faith and fair dealing in the absence of any breach by State Farm of the insurance policy.   In addition, a mere bona fide coverage dispute does not constitute a breach of the duty of good faith and fair dealing.

52.     Plaintiff is not able to establish that State Farm was actually aware of any harm which Plaintiff allegedly sustained as a result of the handling of the insurance claim made the basis of this lawsuit; therefore, under the holding of *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994), Plaintiff is not entitled to any exemplary or punitive damages because of Plaintiff's inability to prove that State Farm was "actually aware of an extreme risk" resulting from the handling of the insurance claim in question.

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

53.    Defendant further pleads that Plaintiff is unable to establish by clear and convincing evidence that Defendant acted with malice; therefore, under Section 41.001(7) of the Texas Civil Practices and Remedies Code, Plaintiff is not entitled to exemplary or punitive damages.

54.    State Farm's liability, if any, is limited to the amount of the policy limits under the policy, pursuant to the policy declarations for the policy period sued upon, as well as the policy conditions, including but not limited to the "Limit of Liability" section of the policy.

55.    Defendant is entitled to a credit for any payments made to Plaintiff.

56.    Defendant demands a trial by jury.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: _____
          David V. Jones
          State Bar No. 10869825
          Southern District of Texas No. 3707
          dvj@jao-law.com
          Edward J. Batis, Jr.
          State Bar No. 01915470
          Southern District of Texas No. 179932
          ejb@jao-law.com
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
210/344-3900
210/366-4301 Facsimile
**COUNSEL FOR DEFENDANTS
STATE FARM LLOYDS AND
RAFAEL NAVARRO**

**OF COUNSEL:**
**JONES, ANDREWS & ORTIZ, P.C.**

F:\dvj\314-185\Answer State Farm Lloyds.docx

4/29/2016 3:32:18 PM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

## CERTIFICATE OF SERVICE

On April 28, 2016, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Mr. Kevin S. Baker
Mr. Perry Dominguez
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, TX 78232

David V. Jones / Edward J. Batis, Jr.